**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONALD FOXWORTH,                              CIVIL ACTION FILE NUMBER

      Plaintiff,                                        1:11-CV-3525-CC

vs.

ROY D. REAGIN JR.,
REAGIN LAW GROUP, P.C.

      Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S COMPLAINT**

This matter is pending before the Court on the motion of Defendants Roy D. Reagin Jr. ("Reagin") and Reagin Law Group, P.C. ("RLG") (collectively the "Defendants") for summary judgment as to the Plaintiff's Complaint.   This is a suit brought by Plaintiff Donald Foxworth ("Foxworth") alleging that Reagin and RLG willfully violated the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., in obtaining a consumer credit report of Foxworth without a permissible purpose.

**I.     STATEMENT OF THE CASE**

On October 17, 2011, Plaintiff filed his application for leave to proceed *in forma pauperis*, seeking to file a three count complaint against Defendants RLG,

Reagin and Bus Stop Financial Corp. alleging violations of the FCRA, Fair Debt Collection Practices Act ("FDCPA"), and the "Georgia Fair Debt Credit Practices Act ("GA-FDCPA"). [Doc. 1]. On January 5, 2012, this Court adopted the Magistrate Judge's recommendation to dismiss the action without prejudice for failing to state a claim upon which relief can be granted and directing the Plaintiff to file an amended complaint. [Doc. 3 and 6]. Prior to the Court adopting that recommendation, the Plaintiff filed an amended complaint. [Doc. 5].

The Plaintiff's Amended Complaint ("Complaint") dropped Bus Stop Financial Corp as a defendant and abandoned the FDCPA and Ga-FDCPA claims. [Doc. 5]. The Complaint alleges that RLG and Reagin willfully violated the FCRA in obtaining the Plaintiff's consumer report without a permissible purpose. [Id.]. On February 27, 2012, the Court adopted the Magistrate Judge's recommendation that the Plaintiff's FCRA claim proceed and that any other previously alleged claims were dismissed as abandoned. [Doc. 8].

## II.   STATEMENT OF FACTS

On April 21, 2003, Bus Stop Financial Corp. ("Bus Stop") filed a lawsuit against Foxworth in the State Court of Dekalb County, Civil Action Number 03A05519 (the "Civil Action"). (Aff. RR. ¶5). On May 1, 2003, Foxworth was served with a copy of the Civil Action and Summons. (Aff. RR. ¶6). On September

25, 2003, a judgment (the "Judgment") was entered against Foxworth in favor of Bus Stop in the Civil Action.  (Aff. RR. ¶7).

On or about May 5, 2010, Bus Stop engaged the lawfirm of RLG to facilitate collection on that judgment.  (Aff. RR. ¶8-10).   On May 5, 2010, RLG obtained a consumer credit report (the "Credit Report") of Foxworth from Equifax for purposes of facilitating collection on the Judgment.  (Aff. RR. ¶11-12).  The Credit Report was obtained and requested by RLG and not Reagin personally.  (Aff. RR. ¶13).   RLG obtained the Credit Report for purposes of verifying Foxworth's address and ascertaining Foxworth's assets and employment to facilitate collection on the Judgment.  (Aff. RR. ¶11, 12, 14).  RLG did not obtain Foxworth's Credit Report on any subsequent occasions.  (Aff. RR. ¶15).

On April 15, 2008, RLG was incorporated in the State of Georgia. (Aff. Roy Reagin JR. "RR" ¶4).  Reagin is the Chief Executive Officer of RLG.  (Aff. RR. ¶3). RR did not personally request or obtain the Credit Report and is not personally liable under any theory of recovery.

### III.   ARGUMENT AND CITATION OF AUTHORITY

**Summary Judgment Standard**.

Under the applicable standard for Rule 56(c) of the Federal Rules of Civil Procedure, a party seeking summary judgment bears the responsibility of informing

the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, "which it believes demonstrate the absence of a genuine issue of material fact.  In Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 265 (1986) and Matsushita Electric v. Zenith Radio, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 87 L.Ed.  2d 538 (1986) (U.S. Cert. denied, 481 U.S. 1029 (1987)), the Supreme Court held that the requirement on the moving party to initially show an absence of a genuine issue concerning any material fact should be understood as requiring the moving party to discharge its burden "by 'showing'–that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." Celotex 477 U.S. at 325, 106 S.Ct.  at 2554.

Rule 56(e) of the Federal Rules of Civil Procedure provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of its pleadings, but "must set forth specific facts showing that there is a genuine issue for trial."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.  2d 202, 217 (1986); Matsushita, 475 U.S. at 587-88, 106 S.Ct.  At 1356-57.  As a matter of law, "mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." Bald Mountain Park, Ltd.  v. Oliver, 863 F.2d 1560 (11th Cir.

4

1989).  In the case at hand, to survive summary judgment, Plaintiff must present

evidence of specific facts showing the existence of a genuine issue to be tried with

regard to his FCRA claim.  <u>Tidmore Oil v. BP Oil Co./Gulf Products Division</u>, 932

F.2d 1384 (11th Cir.  1991) (U.S. Cert. Denied, 112 S.Ct.  331 (1991).  As the

Supreme Court stated in <u>Celotex</u>:

> One of the principal purposes of the summary judgment rule is to isolate
> and dispose of factually unsupported claims and defenses, and we think
> it should be interpreted in a way that allows it to accomplish this
> purpose.  <u>Celotex</u>, 477 U.S. at 323-24, 106 S.Ct.  At 2553-54.

**<u>Reagin is not a proper party</u>**

With respect to Reagin individually, the evidence establishes that RLG is a

corporate entity.  (Aff. RR. ¶4).  There is no evidence to establish that Reagin

personally obtained a copy of Foxworth's consumer credit report.  (Aff. RR. ¶12-13).

Reagin did not obtain Foxworth's credit report.  (Aff. RR. ¶13).  RLG obtained

Foxworth's credit report, and as will be demonstrated below, did so for a permissible

purpose.  (Aff. RR. ¶12).  Accordingly, summary judgment is appropriate as to

Reagin's liability.

**<u>Fair Credit Reporting Act</u>**

A consumer can recover actual damages from a party who has negligently

violated the provisions of the FCRA (15 U.S.C. § 1681o(a)) and actual or statutory

damages and punitive damages (15 U.S.C. §1681n(a)) where the party violating the FCRA has acted willfully.   In the current case, Foxworth has alleged a willful violation of the FCRA.  (Doc. 5, ¶23).

15 U.S.C §1681b(a)(3)(A) authorizes the use of consumer information where an entity "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection* of an account of, the consumer."  (emphasis added).  It is an essential element of the Plaintiff's claim to establish that Defendants lacked a permissible purpose in obtaining his credit report.  <u>Miller v. Rubin & Rothman, LLC</u>, 2011 U.S. Dist. LEXIS 106246, *8 (Dist Minn. 2011); <u>Edge v. Professional Claims Bureau, Inc</u>., 64 F. Supp. 2d 115,117 (ED NY 1999).  Whether the purpose is permissible is a question of law.  <u>Id</u>.  Accordingly, in order to succeed on his FCRA claim, Foxworth must establish that RLG and Reagin obtained his consumer credit report without a permissible purpose and did so in willful violation of the FCRA.  It is a complete defense if RLG establishes that it had a permissible purpose in obtaining the Plaintiff's credit report.  <u>Edge v. Professional Claims Bureau, Inc.</u> 64 F. Supp. 2d at 117.

It is well recognized that the collection on a debt/judgment is a permissible purpose under section 1681b(a)(3)(A).  <u>McNall v Credit Bureau of Josephine County,</u>

689 F. Supp. 2d 1265, 1273 (Dist. Oregon 2010); Edge v. Professional Claims Bureau, Inc., 64 F. Supp. 2d 115,118 (ED NY 1999).  Pintos v Pacific Creditors Association, 565 F.3d 1106, 1113 (9th Cir. 2009) *citing* Hasbun v County of Los Angeles, 323 F.3d 801 (9th Cir. 2003) (holding that a judgment creditor is authorized to obtain a credit report in connection with collection efforts); Robinson v. Greyston Alliance, LLC, 2011 US Dist. LEXIS 69901, *8-9 (Dist. Md. 2011) (Debt collection is a permissible purpose for obtaining a credit report under the FCRA…as long as the debt collector has 'reason to believe' that the customer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA); Rodriguez v. Cavalry Portfolio Services, LLC, 2012 U.S. Dist. LEXIS 30295, *2-4 (S.D Cal. 2012) (holding a debt collector may access a credit report in the course of collecting a credit card debt from the consumer); Miller v. Rubin & Rothman, LLC, 2011 U.S. Dist. LEXIS at *10-11 (finding it is a permissible purpose to obtain a consumer report to acquire a telephone number of a debtor, ascertain sources of income and to find an updated address for a debtor where that information is being obtained to collect on a debt.)

   It is undisputed that Bus Stop obtained a judgment against the Plaintiff and referred that judgment to RLG to facilitate collection on the judgment.  RLG obtained the Credit Report in its attempts to collect on that judgment.  The case law clearly


demonstrates that a judgment creditor is authorized to obtain a credit report in connection with its collection efforts. As such, RLG had a permissible purpose in obtaining the Plaintiff's credit report. Accordingly, summary judgment is appropriate in favor of RLG. As Reagin did not obtain Foxworth's credit report, summary judgment is appropriate in favor of Reagin.

Furthermore, Court's have recognized that no violation of the FCRA will be found to occur where the party obtaining a consumer report made a good faith mistake. Miller v. Rubin & Rothman, LLC ,2011 U.S. Dist. LEXIS at *11. The record demonstrates that RLG had a good faith basis on which to believe it had a permissible purpose in obtaining Foxworth's credit report; i.e, in furtherance of collecting a judgment. Accordingly, there is no evidence to establish that RLG obtained the credit report in willful violation of the FCRA.

### IV.    Conclusion

RLG and Reagin have established as a matter of law that Reagin did not obtain Foxworth's credit report and that RLG had a permissible purpose in obtaining the Plaintiff's consumer credit report. Accordingly, RLG and Reagin are entitled to summary judgment in their favor on the Plaintiff's FCRA claim.

WHEREFORE, Defendants asks this Court to grant its motion for summary judgment.

McCULLOUGH PAYNE & HAAN, LLC


/s/ Jeremy T. McCullough_____
Jeremy T McCullough
Georgia Bar No. 465211
Panton P. Pou
Georgia Bar No. 585714

271 17th Street, N.W., Suite 2200
Atlanta, Georgia 30363
(404) 873-1386
ATTORNEYS FOR DEFENDANTS
jtmccullough@mphlawfirm.com
ppou@mphlawfirm.com
MPH File Number 01001.00000

9

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DONALD FOXWORTH,                              CIVIL ACTION FILE NUMBER

      Plaintiff,                                        1:11-CV-3525-CC

vs.

ROY D. REAGIN JR.,
REAGIN LAW GROUP, P.C.

      Defendants.

<u>CERTIFICATION OF COMPLIANCE WITH L.R. 5.1C</u>

      Pursuant to L.R. 7.1, I, Jeremy T McCullough, herby certify that this Motion has been prepared in Times New Roman, 14 point font in compliance with L.R. 5.1C.

      Dated this 10th day of July, 2012.

                       <u>/s/   Jeremy T. McCullough</u>
                       Jeremy T. McCullough
                       Georgia Bar Number: 465211
                       271 17th Street, NW
                       Suite 2200
                       Atlanta, Georgia 30363
                       (404) 873-1386
                       ATTORNEYS FOR DEFENDANTS
                       MP&H FILE NUMBER: 1001.00000