IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD FOXWORTH, | CIVIL ACTION FILE NUMBER |
| Plaintiff, | 1:11-CV-3525-CC |
| vs. | |
| ROY D. REAGIN JR., REAGIN LAW GROUP, P.C. | |
| Defendants. | |

### AFFIDAVIT OF ROY D. REAGIN JR.

Personally appeared before the undersigned Officer, duly authorized to administer oaths, Roy D. Reagin, Jr., who being first duly sworn, states upon oath as follows:

1.

I am over the age of eighteen and am legally competent to testify to the matter set forth herein. This Affidavit is being made for use in support of Defendants' Motion for Summary Judgment in this matter, and for such other purposes for which it may be properly taken and used.

2.

The facts in this Affidavit are based upon my personal knowledge of the business records of Reagin Law Group, P.C. ("RLG") relative to the subject judgment and my personal knowledge of the customary business practices of RLG. I am *sui juris* and competent to testify to the matters set forth herein

3.

I am the Chief Executive Officer for RLG.

4.

On April 15, 2008, the law firm of RLG was incorporated in the State of Georgia. A true and correct copy of the Certificate of Incorporation is attached hereto as Exhibit "A".

5.

On April 21, 2003, Bus Stop Financial Corp. ("Bus Stop") filed a lawsuit against the Plaintiff Donald Foxworth ("Foxworth") in the State Court of Dekalb County, Civil Action Number 03A05519 (the "Civil Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "B".

6.

On May 1, 2003, Foxworth was served with a copy of the Civil Action and Summons. A true and correct copy of the Sheriff's Entry of Service is attached hereto as Exhibit "C".

7.

On September 25, 2003, a judgment (the "Judgment") was entered against Foxworth in favor of Bus Stop in the Civil Action. A true and correct copy of the Judgment is attached hereto as Exhibit "D".

8.

On or about May 5, 2010, Bus Stop engaged the law firm of RLG to facilitate collection on the Judgment.

9.

The typical and customary way in which those judgments are transmitted to RLG for collection is by Bus Stop sending a copy of the subject judgment and a spreadsheet containing various information on the subject judgment debtor including, but not limited to, name, address, social security number, the date the judgment was entered, etc. This information is transmitted to RLG via electronic means. It is the usual and customary business practice of RLG to receive referrals

from its clients in this manner. The transmittal of the subject judgment conformed to this practice.

10.

A true and correct redacted copy of that spreadsheet is attached hereto as Exhibit "E". Reagin has redacted out all the judgment information which relate to other referrals and are not the subject of this action. Reagin has further redacted out personal information of the Plaintiff, but will produce an un-redacted copy under seal and pursuant to a protective order, if necessary.

11.

After a client refers a judgment to RLG for purposes of collection, RLG obtains a copy of the judgment debtor's credit report for purposes of verifying the judgment debtors address and ascertaining any assets and/or employment information to facilitate collection on the judgment.

12.

On or around May, 5, 2010, RLG obtained a consumer credit report (the "Credit Report") of Foxworth from Equifax for purposes of facilitating collection on the Judgment.

13.

The Credit Report was obtained and requested by RLG and not me personally.

14.

RLG obtained the Credit Report for purposes of verifying Foxworth's address and ascertaining Foxworth's assets and employment to facilitate collection on the Judgment.

15.

RLG did not obtain Foxworth's Credit Report on any subsequent occasions.


Further, Affiant sayeth not.

_____
Roy D. Reagin, Jr, Affiant

Subscribed and sworn to before me this
the __10__ day of __July_____, 2012

_Margaret Canby_____
NOTARY PUBLIC
My Commission Expires:

MARGARET CANBY
NOTARY PUBLIC OFFICIAL SEAL
Fulton County, Georgia
My Commission Expires: May 22, 2016

[AFFIX NOTARY SEAL]

Control No. **08030665**

# STATE OF GEORGIA

## Secretary of State
Corporation Division
315 West Tower
#2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

# CERTIFICATE OF INCORPORATION

I, Karen C Handel, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Reagin Law Group, PC**
**a Domestic Professional Corporation**

has been duly incorporated under the laws of the State of Georgia on **April 15, 2008** by the filing of articles of incorporation in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.



WITNESS my hand and official seal of the City of Atlanta and the State of Georgia on April 15, 2008

*Karen C Handel*
Karen C Handel
Secretary of State

**EXHIBIT A**

Control No: 08030665
Date Filed: 04/15/2008 09:48 PM
Karen C Handel
Secretary of State

# Articles Of Incorporation
# For Georgia Professional Corporation

**The name of the corporation is:**
Reagin Law Group, PC

**The corporation elects to be governed by the Georgia Professional Corporation Act.**

**The profession is:**
Law

**Principal mailing address of the corporation is:**
220 Brandon Place
Atlanta, GA 30328

**The Registered Agent is:**

Roy D. Reagin, Jr.
220 Brandon Place
Atlanta, GA 30328
**County:**   Fulton

**The name and address of incorporator(s) are:**
Roy D. Reagin, Jr.
220 Brandon Place
Atlanta, GA 30328

**The corporation is authorized to issue:**
100 Shares

**The optional provisions are:**
No optional provisions.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Incorporation on the date set forth below.

**Signature(s):**                                                      **Date:**
Incorporator, Roy D. Reagin, Jr.                           April 15, 2008

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

Bus Stop Financial Corp.,

    Plaintiff

vs.

Donald Foxworth

    Defendant

CIVIL ACTION
FILE NO.:

## COMPLAINT ON A CONTRACT

COMES NOW, the Plaintiff in the above stated action and shows the Court the following:

1. The Defendant is a resident of said state and county and subject to the jurisdiction of this Court.

2. The Defendant is indebted to the Plaintiff in the principal sum of $14,027.26, as a balance due under the terms of a credit card agreement between the parties dated October 1, 2019, which contract is presently in default.

3. Demand has been made upon said Defendant for the balance due. Despite said demand the Defendant has failed and refused to pay.

4. The Defendant is hereby notified that Plaintiff seeks to enforce the attorney's fees provision contained in the contract. If the Defendant pays the full principal sum and accrued interest demanded within ten (10) days from the date of service of this Complaint upon said Defendant, no attorney's fees will be claimed. If the full principal sum is not paid within ten (10) days after service of this Complaint, then attorney's fees pursuant to OCGA § 13-1-11 will be charged.

WHEREFORE, Plaintiff demands judgment against the Defendant for the sum of $14,027.26 principal, $694.04 interest, plus additional accruing interest at the rate of 7.000% up until the date of judgment, $1,427.72 attorney's fees and all costs of Court.

**BRIDGERS, PETERS & KLEBER**

*/s/ David A. Kleber*
BY: David A. Kleber
Attorney for Plaintiff
Georgia Bar No.: 425501
120 North Candler Street
Decatur, Georgia 30030
(404) 378-1100
Our File No.: 03-00418-0 SOH /CC1

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**EXHIBIT B**

**SHERIFF'S ENTRY OF SERVICE** SC-85-2

Civil Action No. 03A 05319-3

Date Filed 4-21-03

Superior Court ☐
State Court ☒
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, _____ COUNTY

Attorney's Address

Bridgers, Peters & Kleber
Attorneys at Law
120 N. Candler Street
Decatur, Georgia 30030
(404)378-1100

_____ Plaintiff

VS.

_____ Defendant

Name and Address of Party to be Served.

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☑
I have this day served the defendant **Donald Foxworth** by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of **Joan Dias** **Wife** described as follows:
age, about **30** years; weight **150** pounds; height, about **5** feet and **4** inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **1** day of **May**, 20**03**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

Sgt. _____ DEPUTY

EXHIBIT C

SHERIFF DOCKET _____ PAGE _____
WHITE-CLERK    CANARY-PLAINTIFF    PINK—DEFENDANT

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

Bus Stop Financial Corp.,

    Plaintiff,

vs.

Donald Foxworth,

    Defendant.

CIVIL ACTION
FILE NO.: 03A05519-3

### JUDGMENT BY DEFAULT

IT APPEARING to the Court that the Defendant has been properly served with process in this action and has failed to file an answer or other defensive pleadings within the time allowed by law; It Is Therefore ORDERED AND ADJUDGED that the Plaintiff recover of the Defendant as follows:

| | |
|---|---|
| Principal | $14,027.26 |
| Interest | $971.12 |
| Attorney's Fees | $1,427.72 |

And all costs of this action.

IT IS FURTHER ORDERED that interest shall accrue on the principal sum from the date hereof, at the rate of 7.000 percent per annum, as provided by OCGA § 7-4-12, until paid.

SO ORDERED, this 25 day of Sept, 20 03.

_Wayne M Purdom_ (signature)

JUDGE, STATE COURT OF DEKALB COUNTY

PRESENTED BY:

_David A. Kleber_ (signature)
David A. Kleber
Attorney for Plaintiff
Georgia Bar No. : 425501
120 North Candler Street
Decatur, Georgia 30030
(404) 378-1100
Our File No.: 03-00418-0CJC/DJ1

FILED IN THIS OFFICE
THIS 26 DAY OF Sep 2003
Clerk, State Court, Dekalb County

EXHIBIT D

| Our File No | Debtor F/Name | Debtor L/Name | Address1 |
|---|---|---|---|
| 03-00418-0 | DONALD | FOXWORTH | 3841 Kensington Road |



EXHIBIT E

| Address2 | City | St | Zip | SSN | County |
|---|---|---|---|---|---|
| Apt D-29 | Decatur | Georgia | 30032-1730 | ███-██-5947 | DeKalb |

| County Court | Case Nu | Service | J/Date | J/Amt | BOOK |
|---|---|---|---|---|---|
| State Court of Dekalb County | 03A05519-3 | notoriously | 9/25/03 | 16,520.10 | 933 |

| PAGE  | Net Principal | Interest Rate | Net Interest | Net Atty Fees | Net Court Cost | Net Total Balance |
|-------|---------------|---------------|--------------|---------------|----------------|-------------------|
| 83-84 | 14,027.26     | 7.000         | 7,354.73     | 1,427.72      | 112.00         | 22,921.71         |

Creditor Name          Original Creditor
BUS STOP FINANCIAL CORP.

Card Type