IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD FOXWORTH,                           CIVIL ACTION FILE NUMBER

    Plaintiff,                                            1:11-CV-3525-CC

vs.

ROY D. REAGIN JR.,
REAGIN LAW GROUP, P.C.

    Defendants.

**DEFENDANT REAGIN LAW GROUP, P.C.'S RESPONSE TO
PLAINTIFF'S INTERROGATORIES AND REQUEST TO PRODUCE
<u>DOCUMENTS TO REAGIN LAW GROUP, P.C.</u>**

COMES NOW Reagin Law Group, P.C., a defendant in the above styled proceeding, (hereinafter "Defendant" or "RLG") and responds to Plaintiff's First Interrogatories And Request To Produce To Plaintiff and as follows.

*General Objections*

Defendant objects to each of the interrogatories to the extent that they seek information regarding communications between Defendant and its legal counsel on the grounds that such communications are privileged and are not subject to discovery. Defendant further objects to each of the interrogatories to the extent that they seek

1

information regarding materials prepared by or for Defendant or its representatives in anticipation of litigation or for trial on the grounds that Plaintiff has not made the required showing for the discovery of such work product material. Defendant objects to the definitions and instruction to the extent they may be deemed to impose any burden beyond the requirements of the Federal Civil Practice Act, or to the extent inconsistent with Defendant's pleadings or other documents filed by Defendant. "Plaintiff" refers to the named plaintiff. "Defendant" or "RLG" refers to Reagin Law Group, P.C.

Defendant objects to each of Plaintiff's requests on the grounds and to the extent that they seek materials, information, or documents prepared by or for Defendant or Defendant's representatives in anticipation of litigation or for trial on the grounds that such materials, information, or documents constitute work product. Defendant further objects to each of Plaintiff's requests to the extent that they seek documents which constitute or reflect communications between Defendant and its counsel on the grounds that such communications are privileged.

*Specific Responses*

Subject to the foregoing General Objections, which are specifically incorporated as if set forth fully verbatim in each of the following responses, Defendant responds to

each of the interrogatories and requests as follows:

1. RLG has not purchased evidence of the debt at issue. RLG refers Plaintiff to the facts stated by the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment. As shown thereby, a judgment (the "Judgment") was entered against Plaintiff in favor of Bus Stop and RLG was retained by Bus Stop to facilitate collection on the Judgment.

2. RLG refers Plaintiff to the facts stated by the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment, and the documents attached thereto, which include the Judgment against Plaintiff.

3. RLG has not yet designated an expert witness that it intends to call to testify at the trial of this case.

4. RLG objects to this inquiry on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, RLG states that in this case RLG obtained a consumer credit report of Plaintiff for purposes of facilitating collection on the

Judgment entered against Plaintiff.  Further, RLG refers Plaintiff to the facts stated by the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment, and the documents attached thereto, which include the Judgment against Plaintiff.

5. RLG objects to this inquiry on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to said objections, RLG states that in this case RLG obtained a consumer credit report of Plaintiff for purposes of facilitating collection on the Judgment entered against Plaintiff.  Further, RLG refers Plaintiff to the facts stated by the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment, and the documents attached thereto, which include the Judgment against Plaintiff.

6. RLG objects to this inquiry on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to said objections, RLG states that in this case RLG obtained a consumer credit report of Plaintiff for purposes of facilitating collection on the Judgment entered against Plaintiff.  Further, RLG refers Plaintiff to the facts stated by the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court

in support of Defendants' Motion For Summary Judgment, and the documents attached thereto, which include the Judgment against Plaintiff.

7. RLG objects to this inquiry on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, RLG refers Plaintiff to the Judgment entered against Plaintiff, a copy of which is attached to the Affidavit of Roy D. Reagin, Jr. Further, RLG refers Plaintiff to the facts stated by the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment, and the documents attached thereto, which include the Judgment against Plaintiff.

8. RLG objects to this inquiry on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, RLG is not aware of any responsive information.

PRODUCTION OF DOCUMENTS

A. RLG objects to this inquiry on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, RLG refers Plaintiff to the Judgment

entered against Plaintiff, a copy of which is attached to the Affidavit of Roy D. Reagin, Jr.  Further, RLG refers Plaintiff to the documents attached to the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment.

B. Subject to said objections, RLG refers Plaintiff to the Judgment entered against Plaintiff, a copy of which is attached to the Affidavit of Roy D. Reagin, Jr. Further, RLG refers Plaintiff to the documents attached to the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment.

C. Subject to said objections, RLG refers Plaintiff to the Judgment entered against Plaintiff, a copy of which is attached to the Affidavit of Roy D. Reagin, Jr. Further, RLG refers Plaintiff to the documents attached to the Affidavit of Roy D. Reagin, Jr., filed and of record with the Court in support of Defendants' Motion For Summary Judgment.

D. RLG did not purchase the debt at issue.  Subject to said objections, RLG refers Plaintiff to the Judgment entered against Plaintiff, a copy of which is attached to the Affidavit of Roy D. Reagin, Jr.

This 18th day of October, 2012.

McCULLOUGH PAYNE & HAAN, LLC


/s/ Panton Patrick Pou_____
Jeremy T McCullough
Georgia Bar No. 465211
Panton P. Pou
Georgia Bar No. 585714
ATTORNEYS FOR DEFENDANTS
jtmccullough@mphlawfirm.com
ppou@mphlawfirm.com
MPH File Number 01001.00000

**CERTIFICATE OF SERVICE**

I, the undersigned counsel for Defendants, do hereby certify that I have this day electronically filed the within and foregoing DEFENDANT REAGIN LAW GROUP, P.C.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUEST TO PRODUCE DOCUMENTS TO REAGIN LAW GROUP, P.C. with the Clerk of Court using the CM/ECF system that will automatically send email notification of such filing to the attorney of record, each of whom is a registered participant in the Court's electronic notice and filing system and each of whom may access said filing via the Court's CM/ECF system, and served upon the following via First Class Mail:

Donald Foxworth
3841 Kensington Road
Unit D29
Decatur, Georgia 30032

This 18th day of October, 2012.

McCULLOUGH PAYNE & HAAN, LLC


/s/ Panton Patrick Pou_____
Jeremy T McCullough
Georgia Bar No. 465211
Panton P. Pou
Georgia Bar No. 585714